IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MITCHELL L. BERRIOS                                                                                         PLAINTIFF

      v.                              Civil No. 5:23-CV-05019-TLB-CDC

OFFICER JOSHUA BAILEY, Fayetteville
Police Department; NANCY PRYOR,
Washington County Public Defender;
And CORPORAL D. HARWOOD                                                                       DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Mitchell Berrios filed the above-captioned pro se civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1). Pursuant to the provisions of 28 U.S.C. § § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purposes of making a Report and Recommendation.

Plaintiff is currently incarcerated at the Washington County Detention Center (WCDC) pending trial on state court charges. In a separate order, the Court granted Plaintiff's *in forma pauperis* application ("IFP").  (ECF No. 9).  This matter is now before the Court for preservice review under the provisions of the Prison Litigation Reform Act ("PLRA").  Pursuant to 28 U.S.C. § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  For reasons discussed below, it is recommended that claims against Defendant Nancy Pryor, Washington County Public Defender, be dismissed without prejudice and that the remaining claims against Defendants Officer Joshua Bailey and Corporal D. Harwood be stayed pursuant to the principle of abstention as outlined in *Younger v. Harris*, 401 U.S. 37 (1971).

I.   BACKGROUND

Publicly accessible Arkansas state court records show that Plaintiff was arrested on May 3, 2022, and subsequently charged by criminal information with domestic battery in the second degree, a class C felony. *State of Arkansas v. Berrios*, 72CR-22-1286 (Ark. Cir. Ct.) (AOC Public CourtConnect).[1] The gravamen of Plaintiff's complaint here – as supplemented – is that the arrest reports prepared by Defendants Officer Bailey and Corporal Harwood include false information, specifically the time of his arrest.[2] (ECF No. 7). Plaintiff claims that Officer Bailey and Corporal Harwood fabricated evidence to justify his arrest and obtain a conviction against him. According to Plaintiff, Officer Bailey and Corporal Harwood could not obtain a victim statement from the alleged victim in the case – Plaintiff's mother – because she is deaf and suffers from a traumatic brain injury (TBI), so they used her victim statement from an earlier incident to establish probable cause to arrest and charge Plaintiff on May 3, 2022. (ECF No. 7 at p. 4).

As background, Plaintiff contends his mother suffered a TBI, became deaf, and began to experience manic episodes after he and his mother were involved in a serious, single-car accident in 1984. (ECF No. 7). Plaintiff claims that his mother moved in with him in 2021 after she was evicted from her own residence, and he thereafter quit his job to be her full-time caretaker. *Id.*

---

[1] The Court may take judicial notice of judicial opinions and public records. *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005).
[2] In addition to the Complaint (ECF No. 1), Plaintiff filed an Amended/Supplemental Complaint (ECF No. 7), identifying Corporal Harwood as a defendant and providing more factual detail to his claims. Because pro se pleadings are to be liberally construed, this Court reads the Complaint and Amended Complaint together in assessing his claims. *See Kirr v. North Dakota Public Health*, 651 F. App'x 567, 568 (8th Cir. 2016) (concluding that pro se plaintiff's original complaint and two amendments "should have been read together" as constituting his complaint); *Cooper v. Schriro*, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (pro se complaint must be liberally construed and plaintiff clearly intended for amended complaint to be read together with original complaint).

According to Plaintiff, when his mother moved in with him, her manic episodes became increasingly worse, and she was hospitalized at least four times for attempting to commit suicide. *Id.* Plaintiff claims that during one of these manic episodes, he made a mistake and grabbed his mother by the lapels of her sweater, which caused her to suffer some minor injuries. *Id.* at p. 17. Plaintiff contends he was then charged with third degree domestic battery.

Plaintiff claims that on the day he was arrested on his current charges, he received a phone call from a friend saying his mother had been seen walking down the street. (ECF No. 7 at p. 18). According to Plaintiff, when he found her, he believed her to be in the middle of a manic episode and that she was trying to hurt herself, but he ultimately coaxed her back into their apartment. *Id.* at p. 20. Plaintiff contends when they returned to the apartment, he experienced a "nervous breakdown" and confronted her about what led her to put herself in danger by leaving the apartment, and this argument led him to conclude that he could no longer take care of his mother. *Id.* Plaintiff claims that he raised his voice out of "fear," not "anger," and that he was in the process of calling 911 for assistance because he believed that she should return to the psychiatric hospital, when his neighbors started banging on the wall. *Id.* at p. 24. Plaintiff contends he too banged on the wall, and then went next door to confront his neighbors, but when he knocked on their door, his neighbor(s) opened the door and punched him in the face, causing him to lose consciousness. *Id.* According to Plaintiff, when he regained consciousness, the police had arrived at his residence and arrested him for allegedly choking his mother. Plaintiff contends Officer Bailey was not in his residence long enough to obtain a statement from his mother; Plaintiff believes his mother pointed to her neck, which Officer Bailey misinterpreted as signaling that he had choked her, when she was simply signaling frustration by the situation. *Id.*

Regarding Defendant Nancy Pryor, Plaintiff alleges she is his court-appointed public defender and that she "erroneously, capriciously, and arbitrarily request[ed] a pysch-eval that was/is unwarranted and highly egregious and prolonging [his] incarceration" in violation of his constitutionally protected rights. (ECF No. 1 at p. 5).

Plaintiff claims that since his incarceration, a no-contact order has prevented him from having any contact with his mother. Plaintiff contends he is the only family member his mother has, and this period of "no-contact" has been the "darkest, most despairing days, weeks, months of their lives." (ECF No. 1 at p. 8). Plaintiff identifies all the defendants in their official and individual capacities. (ECF No. 1). Plaintiff requests to be exonerated of the charges against him and that any fines be forgiven. (ECF No. 1 at p. 9). Plaintiff also requests compensatory and punitive damages for the loss of his and his mother's combined estates, his unlawful imprisonment, and the pain and suffering both he and his mother have experienced. *Id.* Plaintiff also requests a federal investigation into his arrest and detention on his current charges. *Id.*

## II.   LEGAL STANDARD

Under the PLRA, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In reviewing whether a complaint (or portion thereof) states a claim for which relief may be granted, this Court must accept the complaint's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Varga v. U.S. Nat'l Bank Ass'n*, 764 F.3d 833, 838 (8th Cir. 2014). The factual allegations need not be detailed, but they must be sufficient "to raise

a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. *Pro se* complaints are to be construed liberally, but they must still allege enough facts to support the claims advanced. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citing cases).

### III.   LEGAL ANALYSIS

The Court views Plaintiff's claims against Defendant Nancy Pryor differently than those alleged against Defendants Officer Bailey and Corporal Harwood.

### A.  Defendant Nancy Pryor

To establish a § 1983 claim, the complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see also DuBose v. Kelly,* 187 F.3d 999, 1002 (8th Cir.1999). Public defenders such as Nancy Pryor, however, are not "acting under color of state law" for the purposes of § 1983 litigation "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Although a § 1983 claim may be brought against a public defender if the public defender "has conspired with . . . state officials to deprive a prisoner of federally protected rights," *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988), the allegations of a conspiracy must be pleaded with sufficient specificity and factual support to suggest a "meeting of the minds," *Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir. 1983).

In this case, Plaintiff fails to plead sufficient facts to establish allegations of a conspiracy that would sustain his claim against Pryor. Although *pro se* complaints are to be liberally construed, federal courts are not required to "assume facts that are not alleged, just because an

additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d at 914-15. Here, Plaintiff fails to allege any facts suggesting that Defendant Pryor was conspiring with anyone when requesting the state court judge order a psychological evaluation of Plaintiff. Plaintiff asserts that public defenders "like Nancy Pryor [are] handing out pretrial requests for . . . psych evals like raffle tickets." (ECF No. 1 at p. 8). Regardless, these allegations do not come close to alleging a conspiracy. Thus, it is recommended that Plaintiff's claims against Defendant Pryor be dismissed as a matter of law for failure to state a claim. *See* 28 U.S.C. 1915A(b)(1).

### B.  Officer Joshua Bailey and Corporal D. Harwood

For entirely separate reasons, the Court recommends that no action be taken at this time on Plaintiff's claims against Defendants Officer Bailey and Corporal Harwood. Pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), federal courts are required to abstain from hearing cases when "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland,* 76 F.3d 957, 959 (8th Cir. 1996)).  "If all three questions are answered affirmatively, a federal court should abstain unless it detects 'bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate.'" *Night Clubs, Inc. v. City of Ft. Smith, Ark.*, 163 F.3d 475, 479 (8th Cir. 1998) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)).  Where, as here, the plaintiff is requesting damages in the federal suit, a "stay" is the appropriate mode of abstention.  *Night Clubs, Inc.*, 163 F.3d at 481 (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996) ("[W]e have permitted federal courts applying

6

abstention principles in damages actions to enter a stay, but we have not permitted them to dismiss the action altogether.")).

This case satisfies the *Younger* factors. First, Plaintiff's claim that he has been unlawfully charged with a crime and thus, falsely imprisoned, is intertwined with his pending state criminal case – Case No. 72CR-22-1286. Second, it is clearly established that ongoing state criminal proceedings implicate the state's important interest of enforcing its criminal laws. *See, e.g.*, *Meador v. Paulson*, 385 F. App'x 613 (8th Cir. 2010) (affirming dismissal of § 1983 action based on *Younger* abstention principles where ongoing state criminal case). Finally, to the extent Plaintiff claims the evidence against him in his state criminal case was manufactured by the Defendants in violation of his constitutional rights, such claims can be raised in those proceedings. *See generally, Young v. State*, 871 S.W.2d 373, 244 (1994) (explaining that proof that prosecutor knew evidence was false is required to demonstrate a deprivation of the defendant's Fourteenth Amendment rights). Moreover, Plaintiff does not contend that he cannot raise his claims in his state criminal case, and he has not identified any extraordinary circumstances warranting this Court to interfere in his criminal case. Accordingly, it is recommended that Plaintiff's § 1983 claims against Defendants Officer Joshua Bailey and Corporal D. Harwood be stayed pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), pending the resolution of his state criminal case.[3]

### IV. CONCLUSION

Having reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the undersigned

---

[3] Plaintiff is cautioned, however, that should he be convicted of the pending state criminal charges, a claim for relief under 42 U.S.C. § 1983 is generally not cognizable if it implies the invalidity of his conviction or confinement pursuant to the "favorable termination rule" established in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

(1)    **DIRECTS** the Clerk to add Corporal Harwood to the docket as a defendant in this action; and

(2)    **RECOMMENDS** that

(a)    Plaintiff's Complaint (ECF No. 1) and Supplement (ECF No. 7) be read together as setting forth Plaintiff's claims;

(b)    all of Plaintiff's claims against Defendant Nancy Pryor be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1); and

(c)    all remaining claims against Defendants Officer Joshua Bailey and Corporal D. Harwood be **STAYED AND ADMINISTRATIVELY TERMINATED** pending resolution of Plaintiff's state criminal case. *Younger v. Harris*, 401 U.S. 37 (1971). Plaintiff shall have **thirty (30) days after the final resolution of his pending criminal case to file a Motion to Reopen this case**. Failure to file the Motion to Reopen within this deadline will result in the summary dismissal of this case.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 21st day of March 2023.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE